**Maria Del Refugio VARELA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74222.
Agency No. A74–800–141.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 16, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Noemi G. Ramirez, Attorney at Law, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC—District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michael J. Singer, Esq., Eric D. Miller, Attorney, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

MEMORANDUM **

Maria Del Refugio Varela, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' summary affirmance of her appeal from an immigration judge's denial of her application for suspension of deportation. We dismiss in part and deny in part the petition for review.

■ We lack jurisdiction to review the IJ's discretionary determination that Varela failed to establish the requisite hardship for suspension of deportation. *See Kalaw v. INS,* 133 F.3d 1147, 1152 (9th Cir.1997).

■ Although we have jurisdiction to consider Varela's contention that the IJ denied her due process by limiting her sister's testimony, we conclude that the IJ neither prevented Varela from reasonably presenting her case, nor caused Varela prejudice. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000).

We need not consider separately whether the BIA erred by streamlining Varela's case because we conclude that IJ did not violate Varela's due process rights. *See Garcia–Martinez v. Ashcroft,* 371 F.3d 1066, 1078 (9th Cir.2004) (explaining that the merits determination and decision to streamline ordinarily collapse into one).

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004) (order), Varela's period of voluntary departure will begin to run upon issuance of this court's mandate.

PETITION DISMISSED in part and DENIED in part.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.